

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-65,308-03

### EX PARTE BLAKE ALLEN THAIN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 0879844-C IN THE 185TH DISTRICT COURT FROM HARRIS COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to sixty-five years' imprisonment. The First Court of Appeals affirmed his conviction. *Thain v. State*, No. 01-02-00584-CR (Tex. App.—Houston [1st Dist.] June 19, 2003) (not designated for publication).

This is a subsequent application. *See* TEX. CODE CRIM. PROC. art. 11.07, § 4. Applicant contends, among other things, that the State failed to disclose before trial the results of an atomic absorption spectrophotometry test performed on Applicant. The trial court made findings of fact and

conclusions of law and recommended that we dismiss this application.

We believe that the record should be further developed. Applicant has alleged facts that, if true, might entitle him to relief. *Brady v. Maryland*, 373 U.S. 83 (1963). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make further findings of fact and conclusions of law as to whether (1) the State failed to disclose before trial the results of an atomic absorption spectrophotometry test performed on Applicant; (2) Applicant could have discovered the factual basis of his claim with the exercise of reasonable diligence before he filed his previous application in this cause, *see* TEX. CODE CRIM. PROC. art. 11.07, § 4(c); and (3) the results of the atomic absorption spectrophotometry test are material to Applicant's guilt or punishment. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be

requested by the trial court and shall be obtained from this Court.

Filed: March 27, 2019
Do not publish